[No. G039269. Fourth Dist., Div. Three. Mar. 25, 2008.]

DAYBREAK GROUP, INC., Plaintiff and Appellant, v.
THREE CREEKS RANCH, LLC, Defendant and Respondent.

**COUNSEL**

Stuart W. Knight for Plaintiff and Appellant.

R. Allan Payne for Defendant and Respondent.

## OPINION

**BEDSWORTH, J.**—This is a case of first impression. Many such cases present interesting analytical challenges; others result only in rueful head shaking. This, unfortunately, falls into the latter category.

Daybreak Group, Inc. (Daybreak), appeals from an order quashing its service of summons on defendant Three Creeks Ranch, LLC (Three Creeks). Daybreak does not challenge the merits of the order, but instead contends that the court should not have even *entertained* the motion because the out-of-state law firm representing Three Creeks did not apply to appear as counsel *pro hac vice*. To be clear, the individual attorney who filed and appeared on the motion *is* a member of our State Bar—just one who happens to practice with a firm located in Montana—and he was thus both fully authorized to practice in our state courts and fully subject to the disciplinary jurisdiction of the State Bar with respect to his appearance.

Daybreak offers no authority for its contention that a *law firm*, as opposed to an *individual attorney*, could properly be admitted *pro hac vice* in our courts, let alone that it might be obligated to apply for such status. Because Three Creeks was properly represented in the lower court by an attorney who is licensed to practice law in this state, the court did not err in considering the motion to quash on its merits. The order is affirmed.

## FACTS

Daybreak, a California corporation, and Dan Rudat, a California resident and "principal owner" of Daybreak, filed suit against Three Creeks, seeking declaratory relief. Plaintiff alleged that Rudat, acting on behalf of Daybreak, had "conversations" with persons conducting auctions in Montana, but did not enter into any agreements to purchase. However, due to what is alleged as "some strange reason," Three Creeks "interpreted [p]laintiffs' statement as a firm offer to purchase real property," and thus a controversy has arisen regarding the rights and liabilities of the parties in connection with the sale of a certain piece of real property located in Montana. Consequently, Daybreak and Rudat prayed for a declaratory judgment establishing they have no liability in connection with the alleged sale.

Rather than file any responsive pleading, Three Creeks filed a motion to quash service for lack of personal jurisdiction. In doing so, Three Creeks acted through its counsel, R. Allan Payne, of Doney Crowley Bloomquist Payne Uda P.C., a law firm located in Helena, Montana. Despite the firm's location, Payne is licensed to practice law in California, and listed his State Bar number on the motion.

Daybreak and Rudat opposed the motion to quash on the merits, and apparently filed a separate motion to strike the motion—we say "apparently," because that motion is not included in our record.[1] However, the opposition to that motion to strike is in our record, and it reflects that the basis of the motion was an assertion that although Attorney Payne was licensed to practice in California, the *law firm* of Doney Crowley Bloomquist Payne Uda P.C., was not "admitted to the California Bar and therefore cannot appear as counsel of record" in a California state court.

In its opposition to the motion to strike, Three Creeks pointed out there was no provision for a "firm" or other "entity" to be admitted to practice law in California, and asserted that Three Creeks's "counsel of record" was Payne, a licensed member of the State Bar.

The court subsequently granted the motion to quash.

## I

On appeal, Daybreak does not dispute the merits of the motion to quash. Instead, it relies solely on the contention that the court should have rejected the motion because it "was not properly before the court by a legal entity represented by an attorney." Daybreak acknowledges that Payne, the *attorney* who appeared on Three Creeks's behalf in the court below, is a licensed member of the California State Bar, but claims, based upon no authority whatsoever, that "[t]he counsel of record for [Three Creeks] *was the law firm*" and that "[t]*he firm* was making the appearance." (Italics added.)

---

[1] Our record does include Daybreak's later filed "Objection to Evidence . . . and Supplemental Response," which includes a one-paragraph argument to the effect that it is the law firm, rather than Payne, which has made an "appearance" on behalf of Three Creeks, and complains that the firm "has not conformed to" California Rules of Court, rule 9.40.

Based upon that unsupported claim, Daybreak argues the firm, as an entity, was required to comply with the requirements of California Rules of Court, rule 9.40 (rule 9.40), prior to making its court "appearance" on Three Creeks's behalf. The argument makes no sense.

Rule 9.40(a) governs eligibility for a *pro hac vice* designation. It provides in pertinent part: "A person who is not a member of the State Bar of California but who is a member in good standing of and eligible to practice before the bar of any United States court or the highest court in any state, territory, or insular possession of the United States, and who has been retained to appear in a particular cause pending in a court of this state, may in the discretion of such court be permitted upon written application to appear as counsel *pro hac vice*, provided that an active member of the State Bar of California is associated as attorney of record. . . ."

■ It is tempting to reject Daybreak's argument on the simple, and obvious, basis that rule 9.40 applies by its terms only to a "person"—a wrinkle not even acknowledged by Daybreak—but that point is muddied somewhat by California Rules of Court, rule 1.6(14), which provides for purposes of the rules of court, "person" includes a corporation or other legal entity. In theory, then, a "person" subject to the requirements of rule 9.40 *could* include a law firm.

However, it does not. And the reason it does not is that rule 9.40 limits eligibility for a *pro hac vice* designation to a person who is "a member in good standing of and eligible to practice before the bar of any United States court or the highest court in any state, territory, or insular possession of the United States." To the best of our knowledge, there are no bars within the United States, whether federal, state, territorial or insular possessory, which admit *law firms* as "members."[2]

---

[2] Rule 9.40(f) outlines the significance of a *pro hac vice* designation, making it clear that the rule is designed to ensure that those given permission to appear are, for purposes of that appearance, subject to the same rights and restrictions as a *member of our State Bar*. "A person permitted to appear as counsel *pro hac vice* under this rule is subject to the jurisdiction of the courts of this state with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of California. The counsel *pro hac vice* must familiarize himself or herself and comply with the standards of professional conduct required of members of the State Bar of California and will be subject to the disciplinary jurisdiction of the State Bar with respect to any of his or her acts occurring in the course of such appearance." (*Ibid.*) Because only individual attorneys are eligible to become "members" of our State Bar, and only individual attorneys are subject to the "disciplinary jurisdiction of the State Bar," we fail to see how an out-of-state law firm, even one which had theoretically been granted "membership" in the bar of some other jurisdiction, could be accommodated within the requirements of our *pro hac vice* rule.

More importantly, as pertains to this case, Daybreak has provided no evidence whatsoever that *Montana* admits law firms as members of *its* state bar. Absent some evidence that the law firm of Doney Crowley Bloomquist Payne Uda P.C. was in fact a "member in good standing of the state bar of Montana," and thus was at least theoretically eligible for a *pro hac vice* designation under rule 9.40, we could not conclude the trial court erred in refusing to penalize its client for the firm's failure to apply for it.

The order is affirmed. Three Creeks Ranch is to recover costs on appeal.

Sills, P. J., and Aronson, J., concurred.